UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV11-4107
NO SUMMONS ISSUED

----------------------------------------------------------------X

ANTHONY JONES and APRIL NEWMAN
CALLAHAN,

                       Plaintiffs,

        -against-

THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT,
DETECTIVE MICHAEL A. FAHMY,
SHIELD NO. 1434 OF 740 COMMAND
AND JOHN AND JANE DOES (Nos. 1-10)
POLICE OFFICERS of the NEW YORK CITY
POLICE DEPARTMENT,

                  Defendants.

----------------------------------------------------------------X

Index No.:

COMPLAINT

PLAINTIFFS DEMAND TRIAL
BY JURY

MAUSKOPF, J.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 24 2011 ★
BROOKLYN OFFICE

      ANTHONY JONES (hereinafter "plaintiff Jones"), by his attorney, Harold Baker, Esq., and

APRIL NEWMAN CALLAHAN (hereinafter "plaintiff Callahan"), by her attorney, Terence J.

Sweeney, Esq., complaining of the defendants herein, respectfully shows to this Court, and alleges as

follows:

**PRELIMINARY STATEMENT**

      1.      This is an action for monetary damages (compensatory and punitive) against THE

CITY OF NEW YORK, (hereinafter "City of New York"), The NEW YORK CITY POLICE

DEPARTMENT (hereinafter "NYPD"), DETECTIVE MICHAEL FAHMY (hereinafter

"Detective Fahmy"),  individually and as a supervisory employee of defendant NYPD, "JOHN"

and "JANE DOES,"(Nos. 1-10) (hereinafter "John and Jane Doe") police officers of defendant

NYPD, the identity and number of whom is presently unknown to plaintiffs, persons intended

being the police officers and/or supervisors who participated in the arrest, detention and

1

prosecution of plaintiff, arising out of the false arrest, malicious prosecution, assault, battery, filing of false reports regarding, and false imprisonment of plaintiffs Jones and Newman Callahan.

2.    It is alleged that on June 1, 2010, officers John and Jane Doe, of the NYPD, and Detective Fahmy, individually and as a supervisory employee of defendant NYPD, and as agents, servants and/or employees of defendant NYPD, acting in concert, under color of state laws, intentionally and willfully subjected plaintiffs to, inter alia, false arrest, false imprisonment, detention, assault, battery, filing of false reports and malicious prosecution for acts of which plaintiffs were innocent.

## THE PARTIES

3.    At all times hereinafter mentioned, plaintiff Jones was and still is a resident of the County of Kings, in the City and State of New York, residing at 38 Winthrop Street, Brooklyn, New York.

4.    At all times hereinafter mentioned, plaintiff Callahan was and still is a resident of the County of Kings, in the City and State of New York, residing at 38 Winthrop Street, Brooklyn, New York.

5.    At all times relevant and material herein, the defendant City of New York was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

6.    At all times relevant and material herein, the defendant Detective Fahmy was an employee of the Police Department of the City of New York.

7.    At all times relevant and material herein, the defendants John and Jane Doe 1-10 were employees of the Police Department of the City of New York.

2

8.    At all times relevant and material herein, the defendants John and Jane Does Nos. 1-10, were personnel of the Police Department of the City of New York.

## JURSIDICTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claims for relief arising under 42 U.S.C. 1983.

10.    Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

11.    Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City of New York is subject to personal jurisdiction in this district.

## NOTICE OF CLAIM

12.    Within 90 days following the unlawful arrest of plaintiffs arising from this incident, plaintiffs filed written Notice of Claim with Defendant City of New York. This matter has not been settled or otherwise disposed of.

13.    With regard to plaintiff Jones, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on August 16, 2010.  A hearing pursuant to GML 50-H was held on February 7, 2011.

14.    With regard to plaintiff Newman Callahan, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 10, 2010, *nunc pro tunc*. A hearing pursuant to GML 50-H was held on April 27, 2010.

3

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS' CLAIMS

15.     Defendant City of New York was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

16.     At all times relevant and material herein, the defendant City of New York operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

17.     The NYPD was at all times relevant hereto, a subdivision, department or agency of Defendant.

18.     The arresting officers, Detective Fahmy, and Police Officers John and Jane Doe 1-10, were, at all times relevant hereto, employees of defendant NYPD, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of defendant NYPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

19.     Defendant Detective Fahmy, is and was, at all times relevant hereto, a supervisory employee of the NYPD, and an agent, servant and/or employee of defendant NYPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. He is sued individually and in his supervisory capacity.

20.     Upon information and belief, the defendants Detective Fahmy, and John and Jane Does Nos. 1-10 were graduates of the Police Academy of the City of New York.

4

21.    At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, Detective Fahmy and John and Jane Does Nos. 1-10, to conform their conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

21.    In addition, at all times relevant hereto, defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, Detective Fahmy and John and Jane Does Nos. 1-10 in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

22.    At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant and the State of New York.

23.    At all times mentioned herein, the defendants' acts constituted state action.

24.    On June 1, 2010, at approximately 2:00 pm, defendants Detective Fahmy, John and Jane Does, and other officers of the NYPD were on duty and/or acting as employees, agents or servants of the defendant City of New York, and were also present at the same time and in the same place as Plaintiff.

25.    On June 1, 2010, at approximately 2:00 pm, defendants Detective Fahmy, John and Jane Does, and other officers of the NYPD forcibly entered 38 Winthrop Street, apartment 4B, Brooklyn, New York, plaintiffs' residence, screamed at and pointed firearms at plaintiffs, physically forced plaintiff Jones to the ground, stomped, kicked and otherwise assaulted plaintiff Jones,  placed a foot on plaintiff Jones' neck and leg(s), threatened to shoot plaintiff Jones,

interrogated both plaintiffs, illegally ransacked plaintiffs' apartment, and in so doing damaged plaintiffs' personal belongings. Thereafter, the police handcuffed both plaintiffs, separated them from their children who were also present in the apartment, and forcibly transported them to a police precinct where they were held against their will for hours. Plaintiff Jones was held in lieu of bail for approximately one week at Rikers Island. Plaintiff Callahan was held and incarcerated for four (4) days until arraigned and released upon her own recognizance. All of the above actions were committed by the defendants against plaintiffs despite the fact that neither plaintiff had committed any crime whatsoever and without just, reasonable, lawful or proper cause to arrest, and the plaintiffs,

26.     Upon information and belief, police officers Detective Fahmy, John and Jane Doe, and other officers, employees of defendant NYPD, wrongfully and improperly stopped, detained and arrested plaintiffs Jones and Newman Callahan in regard to a crime which had nothing to do with plaintiffs.

27.     Upon information and belief, Detective Fahmy, John and Jane Doe, and other officers, employees of defendant NPYD, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested plaintiffs Jones and Newman Callahan when it was not right, just, lawful, proper, or necessary to do so.

28.     Upon information and belief, and without proof that plaintiffs Jones or Newman Callahan were in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and without exigent circumstances to enter the plaintiffs' apartment, without reasonable suspicion to stop them, nor probable cause to detain or arrest them, defendant NYPD's employees, including defendants Detective Fahmy, John and Jane Doe, and other

6

officers, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated a charge against the plaintiffs and set it forth in a false and fabricated criminal complaint, falsely sworn to by defendant Detective Fahmy on June 2, 2010. A copy of the false and fraudulent complaint is annexed hereto as Exhibit A, and is made a part hereof with the same force and effect as if it were fully set forth here at length.

29.     The criminal complaints were and are false and fraudulent in alleging that plaintiffs Jones and Newman Callahan committed the crimes of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD AND SEVENTH DEGREES, and in alleging the facts therein set forth alleged to constitute those charges.

30.     Based upon the false criminal complaint prepared, upon information and belief, by the defendant employees, and signed by defendant Detective Fahmy, they arraigned plaintiffs Jones and Newman Callahan on the above charges.

31.     On June 1, 2010, employees of defendant NYPD, including defendants Detective Fahmy, John and Jane Doe, and other officers, acting in concert, maliciously and with intent to injure plaintiffs Jones and Newman Callahan, and without just cause or any right to do so, handcuffed them and jailed and detained them there and restrained them of their liberty, against the will of the plaintiffs.

32.     The arrest of the plaintiffs by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

33.     Defendants acted maliciously and intentionally.

34.     Plaintiffs were thereupon and thereafter detained and restrained of their liberty and freedom, without their consent, on account of the unlawful and wrongful acts of the

7

defendants, and were confined in various facilities of defendants NYPD, and the City of New York, including the 71st precinct, Riker's Island and others.

35.    At the time of their unlawful seizure, plaintiffs Jones and Newman Callahan were lawfully in their home, not violating any laws, nor committing any crime.

36.    Eventually, the plaintiffs were released from such confinement and detention.

37.    Thereafter the plaintiffs were forced to return to court on multiple occasions, over a period of about 6 months, appearing in public, and before the public, as defendants, persons accused of criminal acts, acts of which plaintiffs were not guilty.

38.    The charges against plaintiffs Jones and Newman Callahan were disposed of, in their favor, when the criminal complaints against them were dismissed with prejudice, on December 30, 2010 in part AP1 FD of the Kings County Criminal Court at 120 Schermerhorn Street, Brooklyn, New York.

39.    As a direct and proximate result of the acts of the defendants, plaintiffs suffered severe and permanent damages including, but not limited to:

> Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

> Physical injury, embarrassment, humiliation, loss of liberty, loss of income, loss of employment, emotional distress and mental anguish.

40.    The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiffs, including but not limited to:

> Freedom from the unreasonable seizure of their persons and freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)

41.    Plaintiffs re-allege paragraphs 1 through 40 and they are incorporated herein by reference hereafter.

8

42.     Defendants, acting in concert and under the color of state law, have deprived plaintiffs Jones and Newman Callahan of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 U.S.C. Sections 1981, 1983 and 1985.

43.     As a result, plaintiffs Jones and Newman Callahan claim damages for the injuries set forth above.

## SECOND COUNT
## (PURSUANT TO 42 U.S.C. § 1983 ASSAULT AND BATTERY UNDER COLOR OF STATE LAW AGAINST INDIVIDUAL DEFENDANTS)

44.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

45.     Upon approaching plaintiffs Jones and Newman Callahan and handcuffing and arresting them, defendants Cit of New York, NYPD, Detective Fahmy, John and Jane Doe, and other officers, acting in concert, made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

46.     The defendants' assault and battery of plaintiffs was excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

47.     The said assault and battery caused plaintiffs' personal injury and damage, both physical and mental; and severe emotional distress and illness.

48.     As a result of that assault, plaintiffs Jones and Newman Callahan claim damages for the injuries set forth above.

9

## THIRD COUNT

### (MALICIOUS PROSECUTION AGAINST INDIVIDUAL DEFENDANTS)

49.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

50.    The individual defendants, acting in concert, knowingly, intentionally, and maliciously caused false criminal accusatory instruments to be filed against plaintiffs Jones and Newman Callahan.

51.    As a result of the malicious prosecution implemented by the individual defendants plaintiffs Jones and Callahan claim damages for the injuries set forth above.

## FOURTH COUNT
### (PURSUANT TO 42 U.S.C §1983 FOR FALSE ARREST AND IMPRISONMENT UNDER COLOR OF STATE LAW)

52.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

53.    The defendants arrested, detained and imprisoned plaintiffs, without warrant or probable cause, even though they knew or should have known that they were wholly innocent of any crime then and there alleged against them, and thus violated plaintiffs' Constitutional rights.

54.    As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs claim damages for the injuries set forth above.

## FIFTH COUNT
### (COMMON LAW ASSAULT)

55.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

56.    The defendants are liable for assault to plaintiffs.

57.    As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs Jones and Newman Callahan claim damages for the injuries set forth above.

### SIXTH COUNT
### (COMMON LAW BATTERY)

58.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

59.    The defendants are liable for battery to plaintiffs.

60.    As a result, plaintiffs Jones and Newman Callahan claim damages for the injuries set forth above.

### SEVENTH COUNT
### (COMMON LAW FALSE ARREST
### AND IMPRISONMENT)

61.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

62.    The defendants are liable for false arrest and false imprisonment to plaintiffs.

63.    As a result thereof, plaintiffs Jones and Newman Callahan claim damages for the injuries set forth above.

### EIGHTH COUNT
### (COMMON LAW INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS)

64.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

65.     The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning plaintiffs was outrageous, shocking and exceeded all reasonable bounds of decency.

66.  The defendants are liable for intentional infliction of emotional distress to plaintiffs.

67.  As a result thereof, plaintiffs Jones and Newman Callahan claim damages for the injuries set forth above.

### NINTH COUNT
### (NEGLIGENT INFLICTION OF
### EMOTIONAL DISTRESS)

68.  Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

69.  The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning plaintiffs was careless and negligent as to the emotional health of plaintiffs.

70.  The defendants are liable for negligent infliction of emotional distress to plaintiffs.

71.  As a result thereof, plaintiffs Jones and Newman Callahan claim damages for the injuries set forth above.

### TENTH COUNT
### (COMMON LAW NEGLIGENCE)

72.  Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

73.  The defendant City of New York was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiffs.

74.  Additionally, the defendants Detective Fahmy and or John and Jane Does Nos. 1-10 were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

75.  As a result thereof, plaintiffs Jones and Newman Callahan claim damages for the injuries set forth above.

**WHEREFORE,** plaintiffs, individually, demand judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action in the amount of Five Hundred Thousand ($500,000.00) Dollars; for punitive damages on each Cause of Action; awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
       August 23, 2011

                                   Yours,

HAROLD BAKER, ESQ. (hb2179 )        TERENCE J. SWEENEY, ESQ. (5914)

By:                        By:

Attorney for Plaintiff Anthony Jones     Attorney for Plaintiff April Newman Callahan
32 Court Street                          225 Broadway
Suite 507                               Suite 2500
Brooklyn, New York                New York, New York 10007
(718) 858-7927                        (212) 727-0721